BARNES S. CHADWICK, GEORGE HATFIELD AND JOSEPH
SHEPHERD v. DAVID L. REEDER.

In Error to the Monmouth Common Pleas.

1. A Court of Common Pleas cannot, by a general rule, authorize a judge
at his chambers to grant an order staying proceedings on an execution
issued by a justice during vacation, on a judgment that has been legally
appealed from.

2. Such an order can only be made by the Court in Session.

3. The order of a judge under such a general rule is a nullity and will afford
no protection whatever to the constable in a prosecution against him for
neglect of his official duties on the execution.

This case came before the court on a writ of error to the
Court of Common Pleas of the county of Monmouth.

To an action of trespass *de bonis asportatis* brought by the
defendant in error, the defendants below pleaded the general issue
and gave notice, that they would justify under an execution in
the hands of one of the defendants as constable, issued on a judg-
ment rendered against the plaintiff at the suit of another of the
defendants, by a justice of the peace of the county of Monmouth.

At the trial, which resulted in favor of the plaintiff, the de-
fendants took a bill of exceptions, containing the evidence of both
parties, of which, so much as is necessary to explain the points
decided by this court will be found in the opinion delivered.

*Vredenburgh* and *Dayton* for plaintiffs in error.

*Hartshorne* and *P. D. Vroom* for defendant in error.

WHITEHEAD, J.   On the trial of the cause, the plaintiff be-
low having proved the taking of the property mentioned in the
declaration, the defendants gave in evidence a transcript of a
judgment recovered before justice Earle, upon the verdict of a
jury, in favor of Hatfield against Reeder; together with the ori-
ginal execution issued thereon on the day judgment was render-
ed, with the constable's levy, and proved that the several arti-
cles of property mentioned in the plaintiff's declaration, were
the same articles levied upon and sold by the constable.   The
plaintiff thereupon proved by the justice, that on the day of the
rendition of the judgment, and immediately thereafter, and
while he was filling up the execution, the defendant Reeder, de-
manded an appeal, but did not then tender to him an appeal bond

and affidavit. That three or four days after, the defendant tendered to him a bond and affidavit which he refused to accept, because in his opinion, the surety was insufficient, and the bond was otherwise defective. That the same bond was again tendered to him, and again refused for the same reasons. That another bond and affidavit were afterwards, and on the day of the sale of the property by the constable, tendered to him, which he also refused because of an interlineation therein, without being noted; and that he never did grant an appeal from the said judgment.

The plaintiff then proved the service upon constable Chadwick, of an order to stay proceedings upon the execution, either by sale or otherwise, signed by Thomas C. Throckmorton, a judge of the Court of Common Pleas of that county, in which it is recited, that proof had been made before him that the said Reeder had tendered to Judge Earle an affidavit and an appeal bond executed according to law with one Charles Ford as his surety, who, it was proved to his satisfaction, was a freeholder of the said county, and sufficient surety on the said appeal bond. This order was founded upon a general rule of the court of Common Pleas of that county, adopted January Term, 1839. The rule is as follows:

"It is ordered by the Court, that in case where an execution hath been issued by a justice against a party who hath legally appealed from the judgment on which execution hath been issued during vacation, upon due proof thereof being made before any judge of this Court at his chambers, such judge may at his discretion, grant an order staying all proceedings on such execution until the next term to which the appeal is to be returned."

The court charged the jury, that the defendants were not justified by the judgment, execution and levy, inasmuch as the execution had been legally stayed by the order of Judge Throckmorton; that the said order was binding on the constable, and the only question for the jury was, the amount of damages.

To all these and various other matters which arose during the progress of the trial, the defendants excepted, and the same are here assigned for error.

The court of Common Pleas were clearly wrong in admitting in evidence the order of Judge Throckmorton staying proceedings on this execution. The judge had by law no authority

whatever to decide upon the sufficiency of the appeal bond or the surety. 2 *Green* 26 ; 3 *Green* 338. The order was a nullity. It would have afforded the constable no protection whatever, in a prosecution against him, for neglect of his official duties upon the execution.

Admitting the power of the court of Common Pleas to adopt the general rule under which the judge professed to act, yet this was not a case within its provisions. The rule provides, that when an execution hath been issued by a justice against a party, *who hath legally appealed* from the judgment on which execution hath been issued during vacation, upon due proof &c. In this case the party had not legally appealed from the judgment. The justice, who, alone had the power to judge of the sufficiency of the bond and the surety, had refused to grant the appeal. But the judge, in order to bring the case within the provisions of the rule, undertook himself to determine upon these matters, which the statute had confided alone to the justice; and after hearing proof, he adjudged that the party had legally appealed from the judgment.

But in my opinion, the general rule of the court under which the order of Judge Throckmorton was made, is illegal. The court, upon filing the appeal bond with the clerk, if they are satisfied with the legality and sufficiency of the same, have power to order a stay of the execution which may have been issued by the justice &c. *a rule to which effect shall be entered in the minutes of the court,* and a copy thereof certified by the clerk, shall be served on the constable. *Elm. Dig.* 291, sec. 82. This statute gives to the court the power to stay proceedings upon execution, and prescribes the manner in which it shall be exercised. The terms of the act evidently contemplate the action of the court in session ; a rule is to be entered in the minutes of the court, and a copy certified by the clerk, served upon the constable. The court can no more delegate this power to a single judge, to be exercised in vacation, at his chambers, than they can the power of trying the appeal upon the merits and pronouncing judgment. The authority of the courts of Common Pleas in matters of appeal, is founded upon statute ; and where the directions of the statute are plain and unequivocal, as they are upon this subject, they cannot be departed from.

Chadwick et al. v. Reeder.

The court of Common Pleas were mistaken in supposing they had authority to adopt this general rule under the power given to this Court and the courts of Common Pleas, *Elm. Dig.* 432, *sec.* 119, to make rules and regulations for expediting and conducting suits, and the management of business in their respective courts. The rules and regulations they adopt under this statute, are for the management of business, and the conducting of suits *in* their courts, not for the management of business in justice's courts in granting and refusing appeals, nor for the government of a judge at his chambers in business or suits not *in* the court.

The court of Common Pleas erred in admitting in evidence, the order of Judge Throckmorton ; and the general rule of that court, under which the judge made the order. They also erred in admitting evidence of the reasons which operated upon the mind of Justice Earle, in rejecting the appeal bonds, and refusing to grant the appeal. The judgment of the justice, erroneous although it might be, was of force until reversed. The suit having been commenced by warrant, and the plaintiff being entitled to execution immediately ; the justice never having granted an appeal ; and the constable's proceedings under the execution not having been lawfully stayed, it appears to me, the proceedings afforded the defendants a complete justification in this action.

The defendant in error however, is not without remedy in another form of action, if he has sustained damages by reason of the improper conduct of the plaintiffs in error, in the sale of his property.

As the order of Judge Throckmorton appears to lie at the foundation of this action, and as it was clearly illegal, I have not thought it necessary to express an opinion upon various other errors assigned and discussed upon the argument.

*Judgment reversed.*